IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DYSON TECHNOLOGY LIMITED, <br><br> Plaintiff, <br><br> v. <br><br> THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A," <br><br> Defendants. | Case No. 23-cv-02976 <br><br> **Judge Sara L. Ellis** <br><br> **Magistrate Judge Young B. Kim** |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION**

Plaintiff Dyson Technology Limited ("Dyson" or "Plaintiff") submits this Memorandum of Law in support of its Motion for Entry of a Preliminary Injunction.

MEMORANDUM OF LAW

I.     INTRODUCTION

Plaintiff Dyson Technology Limited brings the present action against the defendants identified on Schedule A to the Complaint (collectively, the "Defendants") for infringement of U.S. Design Patent No. D853,642. As alleged in Plaintiff's Complaint [1], Defendants are knowingly and willfully offering for sale, selling, and/or importing into the United States for subsequent resale or use products that infringe directly and/or indirectly Dyson's patented design, U.S. Patent No. D853,642 (the "Infringing Products") through various fully interactive, e-commerce stores[1] operating under the seller aliases listed in Schedule A to the Complaint (collectively, the "Seller Aliases").

II.     STATEMENT OF FACTS

On May 30, 2023, this Court granted Plaintiff's *Ex Parte* Motion for Entry of a Temporary Restraining Order ("the TRO") [26]. The TRO authorized Plaintiff to provide notice of these proceedings and the preliminary injunction hearing to Defendants by electronically publishing a link to the Complaint, the TRO and other relevant documents on a website and by sending an e-mail to the e-mail addresses identified in Exhibit 2 to the Declaration of Giles Samuel Lane and any e-mail addresses provided for Defendants by third parties that includes a link to said website. [26] at ¶ 7. On June 9, 2023, this Court granted Plaintiff's *Ex Parte* Motion to Extend the Temporary Restraining Order until June 27, 2023. [30]. Since and pursuant to entry of the TRO, financial accounts associated with the Seller Aliases have been frozen. *See* Declaration of Jake M. Christensen at ¶ 2. Plaintiff respectfully requests that this Court convert the TRO to a preliminary injunction against Defendants.

---

[1] The ecommerce store urls are listed on Schedule A to the Complaint under the Online Marketplaces.

### III. ARGUMENT

A. <u>This Court Has Already Found that the Requirements for a Preliminary Injunction Have Been Satisfied</u>

Since the standard for granting a TRO and the standard for granting a preliminary injunction are identical in this Circuit, the requirements for entry of a preliminary injunction extending the TRO have been satisfied. *See, e.g. Charter Nat'l Bank & Trust v. Charter One Fin., Inc.*, 2001 WL 527404, at *1 (N.D. Ill. May 15, 2001) (citations omitted). A temporary restraining order or preliminary injunction may be issued upon a showing that: "(1) there is a reasonable likelihood that Plaintiff will succeed on the merits; (2) Plaintiff will suffer irreparable injury if the order is not granted because there is no adequate remedy at law; (3) the balance of hardships tips in Plaintiff's favor; and (4) the public interest will not be disserved by the injunction." *Columbia Pictures Indus., Inc. v. Jasso*, 927 F. Supp. 1075, 1076 (N.D. Ill. 1996). By virtue of this Court's entry of the TRO, it has already found that the above requirements have been satisfied. *See* [26].

B. <u>The Equitable Relief Sought Remains Appropriate</u>

Since entry of the TRO, Amazon.com, Inc., DHgate.com, eBay, Inc., Walmart Inc., and ContextLogic Inc. d/b/a Wish.com have restrained accounts linked to the Seller Aliases that were offering for sale and/or selling the Infringing Products. In the absence of a preliminary injunction, Defendants may attempt to move assets from their financial accounts to an offshore account. In addition, and as established in Plaintiff's TRO Memorandum [14], many federal courts, including the Northern District of Illinois, have granted orders preventing the fraudulent transfer of assets. *See, e.g., Lorillard Tobacco Co. v. Montrose Wholesale Candies & Sundries, Inc.*, No. 1:03-cv-04844, 2005 WL 3115892 (N.D. Ill. Nov. 8, 2005). Therefore, Defendants' assets should remain frozen for the remainder of the proceedings.

## IV. CONCLUSION

In view of the foregoing, Plaintiff respectfully requests that this Court enter the preliminary injunction.

Dated this 16th day of June 2023.　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　/s/ Jake M. Christensen
　　　　　　　　　　　　　　　　　　　Lawrence J. Crain
　　　　　　　　　　　　　　　　　　　Justin R. Gaudio
　　　　　　　　　　　　　　　　　　　Jake M. Christensen
　　　　　　　　　　　　　　　　　　　Andrew D. Burnham
　　　　　　　　　　　　　　　　　　　Greer, Burns & Crain, Ltd.
　　　　　　　　　　　　　　　　　　　300 South Wacker Drive, Suite 2500
　　　　　　　　　　　　　　　　　　　Chicago, Illinois 60606
　　　　　　　　　　　　　　　　　　　312.360.0080 / 312.360.9315 (facsimile)
　　　　　　　　　　　　　　　　　　　lcrain@gbc.law
　　　　　　　　　　　　　　　　　　　jgaudio@gbc.law
　　　　　　　　　　　　　　　　　　　jchristensen@gbc.law
　　　　　　　　　　　　　　　　　　　aburnham@gbc.law

　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiff Dyson Technology Limited*